IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00659-WYD-KMT

TANA MURRAY,

    Plaintiff,

v.

SUN MICROSYSTEMS, INC.,

    Defendant.

**ORDER**

I.     <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

THIS MATTER is before the Court on Defendant Sun Microsystems, Inc.'s ("Sun") Motion for Summary Judgment (docket #22), filed December 21, 2009. Specifically, Sun filed its motion for summary judgment as to Plaintiff Tana Murray's ("Murray") age, gender, and disability discrimination claims and her retaliation claim. On February 1, 2010, Murray filed her response and confessed that her gender discrimination claim may be properly dismissed. On February 26, 2010, Sun filed its reply. Based on my review of the file, Murray's gender discrimination claim is dismissed and Sun's motion for summary judgment is denied in all other respects.

This case arises out of Murray's employment with Sun. Murray was employed by Storage Technology Corporation ("STK") and, after Sun's acquisition of STK, by Sun. In March 2007, Murray worked as an administrative assistant for Sun's Library Engineering Group. She reported to Mitch Jacob, director of the group.

Between March 2007 and April 2008, Sun experienced several reductions in force and reorganizations. Thus, the Library Engineering Group lost almost thirty percent of its employees. In April 2008, Murray took an approved medical leave of absence from Sun. In connection with that leave, she filed a claim for disability benefits.

On July 10, 2008, Jacob orally notified Murray that her job had been eliminated and her employment with Sun would be terminated 60 days after she returned from medical leave. Then, on July 11, 2008, Murray received written notice that her position had been eliminated as part of a reduction in force.

On August 14, 2008, Murray filed a claim with the EEOC alleging that her termination was based on age, gender, and disability discrimination. She also alleged a concern about retaliation as a result of the EEOC filing. On October 7, 2008, Murray learned her claim for disability benefits was denied. She appealed this decision.

Murray returned from medical leave to her job at Sun on December 31, 2008. At that time, Sun provided Murray with a 60-day termination notice. On January 24, 2009, Murray filed her second discrimination charge with the EEOC. On March 25, 2009, Murray filed the instant lawsuit in this Court. Finally, in April 2009, Murray received notice from Sun affirming the denial of her claim for short-term and long-term disability benefits.

II. <u>MOTION FOR SUMMARY JUDGMENT</u>

    A. <u>Standard of Review</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)c; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for summary judgment must be evidence that is admissible at trial. "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). "Hearsay testimony cannot be considered because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill." *Id.* (internal citations omitted). Further, under Rule 56(e), evidence offered in opposition to a motion for summary judgment must be "'made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the witness is competent to testify to the matters' set forth therein.'" *Id.*

### 1. Whether Summary Judgment is Proper on Plaintiff's Age Discrimination Claim

"The ADEA states that it is unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . .'" *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000) (quoting 29 U.S.C. § 623(a)(1)). A claim of age discrimination under the ADEA can be proven by either direct or circumstantial evidence. *Id.* "'A plaintiff proves discrimination through direct evidence by establishing proof of an existing policy which itself constitutes discrimination.'" *Id.* (quoting *Ingels v. Thiokol Corp.*, 42 F.3d 616, 620 (10th Cir. 1994)). "In all other cases, the plaintiff seeks to prove discrimination through circumstantial evidence." *Howard v. Garage Door Corp. Inc.*, No. 02-3163, 2005 WL 481564 at *2 (10th Cir. 2005) (citing *Danville v. Regional Lab. Corp.*, 292 F.3d 1246, 1249 (10th Cir. 2002)).

"Such a claim can survive summary judgment only where the plaintiff has presented sufficient evidence to show there is a genuine issue of material fact pertaining to whether the plaintiff's age actually motivated the allegedly discriminatory conduct." *Id.* (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)). "In determining whether the circumstantial evidence presented by the plaintiff in a given case is sufficient to establish a genuine issue of material fact, the Supreme Court has directed the application of the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.ED.2d

668 (1973)." *Id.*

"The *McDonnell Douglas* framework comprises three burden shifting steps." *Id.* "Initially, the burden rests with the plaintiff to establish a prima facie case of discrimination." *Id.* If the plaintiff establishes a prima facie case, "the burden then shifts to the defendant to 'articulate some legitimate, nondiscriminatory reason' for its employment action." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). "Finally, if the defendant articulates a nondiscriminatory reason, then the burden shifts to the plaintiff to show that the proffered reason is merely a pretext for discrimination." *Id.* "Where the parties have satisfied their respective burdens under the *McDonnell Douglas* framework, summary judgment is ordinarily inappropriate." *Id.*

Here, Murray offered circumstantial evidence of age discrimination. She proffered evidence that her job position was not eliminated, but that her duties were assigned to a younger woman with far less experience. Thus, I apply the *McDonnell Douglas* burden shifting framework to determine whether summary judgment is appropriate.

To establish a prima facie case of age discrimination, a plaintiff must show: "(1) that plaintiff belongs to a protected class; (2) that she suffered an adverse employment action; and (3) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination." *Hysten v. Burlington Northern & Santa Fe Railway Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002). "The real question . . . is whether a plaintiff has shown actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based

on a discriminatory criterion illegal under the Act." *Id.* (internal quotation marks omitted).

Here, Murray satisfied the first two elements of a prima facie age discrimination case. Murray is over 40 years of age and her employment with Sun was terminated. As to the third element, Murray argues her job position was involuntarily terminated in a reduction in force after almost 30 years of service, all of it evaluated as excellent. She learned of her termination while on medical leave following brain surgery. However, Sun claims that its decision to terminate Murray was unrelated to her age, medical condition or disability. Sun contends that Murray's job was simply no longer needed.

There are disputed facts as to whether Murray's job was filled by a younger Sun employee, Sheila Martinez, who is under 40 years of age. Martinez, herself, testified that she worked for the Library Group after Murray was terminated. The extent to which Martinez worked for the Library Group is unclear. Murray claims that Martinez was moved into her administrative position once she was terminated. Sun, on the other hand, argues that Martinez only supported the Library Group on rare occasions. Viewing the facts in the light most favorable to Murray, I find Murray has presented sufficient evidence to create a genuine issue of fact regarding her age discrimination claim. Thus, having found Murray established a prima facie case of age discrimination, I turn the second step of the *McDonnell Douglas* analysis.

The burden now shifts to Sun to articulate a legitimate, nondiscriminatory reason for its termination of Murray's employment. *See McDonnell Douglas*, 411 U.S. at 802. Here, Sun contends that it terminated Murray's job due to a reduction in force. I find

that this is a nondiscriminatory reason, therefore, the burden shifts to Murray to show that the proffered reason is merely a pretext for discrimination. *Id.*

Generally, a plaintiff shows pretext in one of three ways: (1) with evidence that the defendant's stated reasons for the adverse employment action were false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff. *Plotke v. White*, 405 F.3d 1092, 1102-03 (10th Cir. 2005) (internal citations omitted). A plaintiff's evidence can also allow for an inference that the "'employer's proffered non-discriminatory reasons [were] either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).'" *Id.* (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994)). Evidence of pretext may also include the use, by the employer, of subjective criteria in its employment decision. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1217-18 (10th Cir. 2002) (internal citations omitted).

Sun maintains Jacob made the decision to eliminate Murray's position because he determined that having an administrative assistant in the Library Group was not essential to the group's future product development efforts. However, Murray put forth evidence that after her termination, at least one younger administrative assistant, Martinez, assumed Murray's duties in the Library Group. It is disputed as to what extent Martinez worked for the Library Group. However, I find that this evidence could support

an inference of pretext. Accordingly, I deny Sun's motion for summary judgment on Murray's age discrimination claim.

>    2. Whether Summary Judgment is Proper on Plaintiff's Disability Discrimination Claim

"The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment.'" *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997) (quoting 42 U.S.C. § 12112(a)). "To establish a prima facie case under the ADA, a plaintiff must demonstrate: (1) that she is a disabled person within the meaning of the ADA. . . ; (2) that she is qualified, that is, she is able to perform the essential functions of the job, with or without reasonable accommodation . . . ; and (3) that the employer terminated her employment [or that plaintiff suffered some other adverse employment action] under circumstances which give rise to an inference that the termination was based on her disability." *Id.* (internal quotations omitted).[1]

In the motion, Sun argues that there is no evidence in the record that the decision to eliminate Murray's job was related to her disability. I disagree. Murray puts forth evidence that at least two administrative assistants, who were not disabled, were assigned to assume her job duties in the Library Group. Accordingly, I find genuine issues of fact exist and deny summary judgment on this ground and, consequently, on

---

[1] Neither party mentions the first two elements of a prima facie ADA claim, thus, I assume that there is no dispute that Murray is both disabled and a qualified individual under the ADA.

the ADA claim in general.

### 3. Whether Summary Judgment is Proper on Plaintiff's Retaliation Claim

Murray's final claim is that Sun retaliated against her because she filed both a discrimination charge with the EEOC and the present lawsuit. Because Murray again relies on circumstantial evidence in support of her retaliation claim, it is subject to the three-step *McDonnell Douglas* burden shifting analysis. *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1211 (10th Cir. 2008). To establish a prima facie case of retaliation, a plaintiff must demonstrate that a genuine issue of fact exists as to each of the following elements*:* "(1) [s]he engaged in protected opposition to discrimination; (2) [s]he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *O'Neal v. Ferguson Construction Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001); *Argo v. Blue Cross & Blue Shield*, 452 F.3d 1193, 1202 (10th Cir. 2006). After a plaintiff makes a prima facie showing, a defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* Plaintiff must respond by demonstrating a defendant's asserted reasons for the adverse action are pretextual. *Id.* "A causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct followed by adverse action." *Haynes v. Level Three Communications, LLC*, 456 F.3d 1215, 1228 (10th Cir. 2006) (internal quotation omitted).

Here, Murray satisfies the requirements of a prima facie case of retaliation. On

August 14, 2008, she filed her first discrimination charge with the EEOC, which qualifies as protected opposition to discrimination. Approximately seven weeks later, on October 7, 2008, Murray's claim for disability benefits was denied, which qualifies as an adverse employment action in the sense that it might have dissuaded a reasonable employee from bringing the charge. I find that the close temporal proximity between the EEOC charge and the denial of disability benefits — seven weeks — is sufficient to allow an inference that a causal connection existed between the EEOC charge and Sun's decision to terminate Murray's job. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999) (indicating that a period of one and one half months gives rise to a rebuttable inference of a causal connection, but that a period of three months does not).

With respect to the second step in the *McDonnell Douglas* analysis, I find Sun articulated a legitimate, non-retaliatory reason for Murray's termination, a reduction in force. Applying the final step in the *McDonnell Douglas* analysis, I find genuine issues of fact exist as to whether the legitimate, non-retaliatory reason asserted by Sun for Murray's termination gives rise to an inference of pretext. It is disputed as to whether Sun was aware of Murray's EEOC filing at the time her disability benefits were denied. It is also disputed as to whether Jacob's decision to terminate Murray's position was subjective. Finally, it is disputed as to whether Murray's job was eliminated because it was no longer necessary or if her duties were assumed by other Sun administrative assistants. Therefore, summary judgment is denied as to Murray's retaliation claim.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff Murray's gender discrimination claim is **DISMISSED**. It is

FURTHER ORDERED that Defendant Sun's Motion for Summary Judgment (docket #22) is **DENIED** in all other respects.

Dated: June 22, 2010

                                               BY THE COURT:

                                               s/ Wiley Y. Daniel
                                               Wiley Y. Daniel
                                               Chief United States District Judge